UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CORY PAUL DUPIN, Plaintiff,

v. Civil Action No. 3:23-cv-285-DJH

KAITLYN THOMAS, Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Cory Paul Dupin filed the instant *pro se* action. He filed a complaint (DN 1) and later filed a motion to amend the complaint (DN 6). Upon review, the motion to amend (DN 6) is **GRANTED**. *See* Fed. R. Civ. P. 15(a)(1). A review of the original and amended complaint reveals that this Court lacks jurisdiction over the subject matter of the action, and the Court will dismiss the case.

### I.

Plaintiff, an inmate currently housed at the Louisville Metro Department of Corrections, filed the original complaint on a complaint form for filing an action under 42 U.S.C. § 1983/*Bivens v. Six Unknown Fed. Narcotics Agents* by a prisoner. He sues Kaitlynn Thomas. He states, "In 2018 Ms. Kaitlyn Thomas of Louisville, Ky. was pregnant and found herself in a situation where she was shot and the child was killed. She sued, supposedly using Morgan & Morgan and became a multi millionaire." Plaintiff states that he had sex with Thomas in 2018 and "got her pregnant only I hadn't known of the impregnation at the time." Plaintiff states that he found out about Thomas's lawsuit in 2019 and learned that "she bought a mansion and moved to Washington state." He alleges that in June 2020 Thomas "showed up after I'd been released" from incarceration and that the two had an intimate relationship.

Plaintiff further states in the original complaint, "One day she said she was looking for a house in the east end.  Apparently some other persons recognized her with me.  They tried to kidnap me and even tried to put me in storage unit on Strawberry Ln. & Southside Dr. on July 20, 2020[.]"  He maintains that he "escaped but they kept coming and I ended up catching charges to get away and have been incarcerated for the past 3 years trying to track down Kaitlyn to help me."  Plaintiff states that Thomas "told him multiple times in person in summer of 2020 that I'm the one who got her pregnant and I can't find her to help me or this wouldn't be necessary."  He gives a phone number where Thomas can text him.

As relief in the original complaint, Plaintiff seeks "1/3 to 1/2 of settlement in millions or minimum of $1.5 million."

In the amended complaint, Plaintiff asserts, "I, as the father of the unborn child killed, was not notified until the summer of 2020 by Ms. Thomas nor compensated, she was in process of purchasing new home.  Address not made aware."  He further states, "I request that Morgan & Morgan be added in civil action if necessary and served being that they have ALL of Kaitlyn Thomas' information and could and would e-mail or serve notice to Ms. Thomas in the appropriated time or request an extension of service to locate an updated current address" for her.  He also states Thomas "may have informed them of my name and being the father."

## II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972).  The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff.  *Clark v. Nat'l Travelers Life Ins.*

*Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). "Congress has defined the province of federal judicial authority in two basic jurisdictional statutes"— federal question and diversity jurisdiction. *Id.* (citing 28 U.S.C. §§ 1331, 1332).

In the present case, Plaintiff has not met his burden of establishing federal-question jurisdiction under 28 U.S.C. § 1331. The "well-pleaded complaint" rule requires that "a federal question be presented on the face of the complaint." *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys.*, 287 F.3d 568, 573 (6th Cir. 2002). While Plaintiff filed the complaint on a § 1983/*Bivens* complaint form, he cites no facts to support a claim for the violation of his constitutional rights or any other federal cause of action, and the Court cannot discern any federal claim from his allegations. Therefore, the complaint fails to establish federal-question jurisdiction.

Additionally, Plaintiff fails to establish diversity jurisdiction. For a federal court to have diversity-of-citizenship jurisdiction pursuant to 28 U.S.C. § 1332, there must be complete diversity—which means that each plaintiff must be a citizen of a different state than each defendant—and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Plaintiff states that both he and Morgan & Morgan are residents of Kentucky. Moreover, even if Morgan & Morgan were not sued in the amended complaint, while Plaintiff states that he does not know Thomas's current address, he states in the complaint that he last heard that she was buying a residence in Louisville, Kentucky. He provides no facts to indicate that Thomas is not a citizen of Kentucky at this time.

Accordingly, Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, and the Court will dismiss this action by separate Order.

Date:   October 27, 2023

David J. Hale, Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
4415.010